## 27237. COPELAND v. LAZAR.

DECIDED MARCH 15, 1939.

C. E. Kay, for plaintiff in error.

Joseph M. Brown, Dameron Black Jr., contra.

STEPHENS, P. J. Lewis Lazar, on April 20, 1938, brought suit in the municipal court of Atlanta, Fulton section, against C. M. Copeland, on a series of promissory notes dated September 10, 1937, aggregating $600 principal, one of which on its face fell due March 1, 1938, and the other April 1, 1938. The remaining notes were alleged to be past due by the exercise by the plaintiff of his option to declare the notes due under an acceleration clause contained therein. The notes contained the following provision: "Time is the essence of this contract. For and in consideration of the sum of $1.00, and the further consideration of renewing our admitted indebtedness to the payee of this note, I, or we, jointly and severally transfer, assign, and convey to the owner of this note a sufficient amount of my, or our homestead and exemption, to pay this note in full, principal and interest, attorney's fees and cost. I, or we, hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt." The defendant filed a plea in abatement on the ground that the notes sued on had not matured, but that the suit was prematurely brought, in that, under the above-quoted provision in the notes, the defendant was entitled to a renewal of the notes, and that prior to the filing of the suit he had requested the plaintiff to allow him to renew the notes in accordance with the terms thereof, which request the plaintiff had refused. The defendant's testimony supported the allegations of the plea.

This provision in the notes, whatever it may mean, does not

amount to an automatic renewal. It is not an obligation on the payee or holder of the notes to renew the notes, and does not give to the maker any right to demand the notes' renewal. The court, in passing on the facts without a jury, did not err in finding against the plea in abatement, and in finding for the plaintiff.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs specially.*